**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JASKARAN,** | **Civil Action No. 26-7426 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN, ELIZABETH DETENTION CENTER, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jaskaran,[1] who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of India and entered the United States on or about August 23, 2024.  (*Id.* at 2).  He was detained by Border Patrol that day and issued a Notice to Appear that asserted he was "present in the United States" without admission or parole.  (ECF No. 7-3 at 2).

3.      Petitioner was taken into ICE custody on October 15, 2025.  (ECF No. 1 at 4).  He was held at the Central Louisiana ICE Processing Center.  (*Id.*)

4.      On February 13, 2026, an immigration judge ordered Petitioner removed to India. (ECF No. 7-4).  Petitioner appealed to the Board of Immigration Appeals, but the appeal was summarily dismissed on April 2, 2026.  (ECF No. 7-5 at 4-5).  Accordingly, Petitioner's removal order is final.  8 C.F.R. § 1241.1(c).

---

[1] Petitioner's first name is unknown.

5.      On April 15, 2026, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Louisiana ("Western District").   (ECF No. 7-1); *see also Jaskaran v. LaSalle Detention Facility*, No. 26-cv-1202 (W.D. La. filed Apr. 15, 2026) (ECF No. 1).[2]  He alleged that he was being detained without an individualized bond hearing since October 15, 2025, his removal order was constitutionally defective due to ineffective assistance of counsel, his continued detention violates his due process rights, and that his warrantless arrest violated the Fourth Amendment.  (ECF No. 7-1 at 13-15).

6.      On June 10, 2026, Petitioner filed an emergency stay of removal arguing that his continued detention was unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Jaskaran*, No. 26-cv-01202 (ECF No. 11).  He also asked the Western District to prevent a transfer to another detention facility.  (ECF No. 7-6 at 3).

7.      The Western District denied Petitioner's motion, concluding that his continued detention was within *Zadvydas*'s six-month period of presumptively reasonable detention because his removal was not final until March 16, 2026.  (*Id.* at 2-3).  Petitioner's request to stay transfer pending adjudication of his habeas petition was also denied after the court concluded "[s]uch a transfer would not deprive the Court of jurisdiction … ."  (*Id.* at 3).  The court also noted that Special Immigrant Juvenile ("SIJ") status "approval alone, unlike the grant of deferred action, does not confer a liberty interest."  (*Id.* at 4).

8.      Petitioner was transferred to the Elizabeth Contract Detention Facility in Elizabeth, New Jersey and filed this Petition on June 22, 2026.  (ECF No. 1).  He alleges that he has been detained without a bond hearing and that his removal order is constitutionally defective due to

---

[2] This Court takes judicial notice of the public docket of the proceedings in the Western District.

ineffective assistance of counsel.  (*Id.* at 6).  He further argues that his Special Immigrant Juvenile ("SIJ") status prohibits his detention and that he was arrested without a warrant.  (*Id.* at 7).

9.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11.     Respondents argue that the Petition is duplicative of the one filed before the Western District and should be dismissed.  (ECF No.  7 at 3).  This Court agrees.

12.     Petitioner's Western District petition alleges that he has been detained without an individualized bond hearing since October 15, 2025, his removal order is constitutionally defective due to ineffective assistance of counsel, his continued detention violates his due process rights, and that his warrantless arrest violates the Fourth Amendment.  (ECF No. 7-1 at 13-15).

13.     His Petition before this Court alleges that he has been detained without an individualized bond hearing since October 15, 2025, his removal order is constitutionally defective due to ineffective assistance of counsel, his continued detention violates his due process rights, and that his warrantless arrest violates the Fourth Amendment.  (ECF No. 1-1 at 7-9).

3

14.     "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728 (5th Cir. 1985).

15.     Petitioner was detained in the Western District of Louisiana when he filed his first habeas petition, and the "'passing about of the body of a prisoner from one custodian to another after a writ of habeas corpus has been applied' does not defeat the jurisdiction of the Court to consider the merits of the habeas petition." *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) (quoting *Ex parte Catanzaro*, 138 F.2d 100, 101 (3d Cir. 1943)).  The Western District continues to have the authority to decide the original petition,[3] and it would not be an efficient use of scarce judicial resources to decide issues that are properly before another district court.

16.     To the extent Petitioner argues that his SIJ argument is different from the one presented to the Western District, he still would not be entitled to relief.  Petitioner's SIJ status does not categorically prohibit removal.  *See Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023) ("[ ] Petitioner is removable despite his [SIJ]."); *see also Del Cid v. Bondi*, No. 3:25-cv-00304, 2025 WL 2985150, at *4 (W.D. Pa. Oct. 23, 2025) ("[T]he Government may ultimately remove an individual with SIJ Status from the country ... ."); *Benito Vasquez v. Moniz*, 788 F. Supp. 3d 177, 181 (D. Mass. 2025) ("The fact that petitioner has been given [SIJ] status has no effect on ICE's statutory and regulatory authority to detain him.")  Therefore, petitioner is not entitled to release based on his SIJ status.

---

[3] The Western District has not issued a final order as of the date of this Opinion.

17.     An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated:  July 13, 2026